UNITED STATES BANKRUPTCY COURT
Northern DISTRICT OF FLORIDA

IN RE:                                  )
                                        )
Roger L. Unger                          )        Case # 18-40443
                                        )        Chapter 7
                                        )
_____Debtor(s)_____        )

## CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, AND (III ) OTHER RELIEF

Sherry Chancellor (the "Trustee"), duly appointed Chapter 7 Trustee for the above referenced debtor (the "Debtor") pursuant to Sections 105 and 363 of the Bankruptcy Code hereby files this motion ("Motion") for entry of an order for authority to sell certain real property free and clear of all liens, encumbrances, and interests.  In support thereof, the Trustee respectfully states as follows:

JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3.      The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m), Federal Rules of Bankruptcy Procedure 2002 and 6004.

BACKGROUND

4.      On 08/20/2018 the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the

1

"Petition Date").

5.      Sherry Chancellor is the duly appointed and qualified Chapter 7 Trustee.

6.      The Trustee held and concluded the 341 meeting of creditors on 09/24/2018.

7.      The Debtor scheduled a 100% ownership interest in the real property located at 504 TRUETT DR TALLAHASSEE, FL 32303 (the "Property") and legally described as follows:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF LEON, STATE OF FLORIDA, AND IS DESCRIBED AS FOLLOWS: LOT 7, BLOCK "A", PINE GROVE, A SUBDIVISION AS PER MAP OR PLAT THEREOF, RECORDED IN PLAT BOOK 3, PAGE 15, OF THE PUBLIC RECORDS OF LEON COUNTY, FLORIDA.
Parcel ID: 111985 A0070

8.      The Debtor scheduled the Property as having a value of $77,000.00 subject to two loans in favor of Mr. Cooper f/k/a Nationstar Mortgage in first position and Regions Bank in second position (the "Secured Creditor(s)"), in the amounts owed on the Petition Date of approximately $34,694.74 and $169,786.80 respectively.

9.      The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BK Global ("BKRES") and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

2

a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court, with a tentative closing date of August 28, 2019;

b. buy the Property from the Debtor's estate if (and only if) no such offer is made;

c. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

d. agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of the Debtor's estate.

10. The Secured Creditor has represented and warranted that it possesses a valid, perfected, enforceable and unavoidable first mortgage lien on the Property by virtue of a promissory note and mortgage recorded in the Official Records of Leon County, Florida, consisting of principal and Interest (the "Secured Creditor Indebtedness").

<u>RELIEF REQUESTED</u>

11.    The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property, using the services of BKRES and Listing Agent, free and clear of all liens, claims, encumbrances, and interests.  As a material inducement to the Trustee's decision to pursue the proposed sale, the Secured Creditor consents to the Property's sale and the creation of a carve-out fund (the "<u>Carve-Out Fund</u>") that will provide for the costs of this case to be paid and provide a recovery for other creditors.  The Trustee requests that any creditor

3

(other than the Secured Creditor) asserting an interest or secured claim against the Property be required to assert no later than 5 days prior to the hearing on the instant Motion, and substantiate the basis for such asserted interest or secured claim, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.

BASIS FOR RELIEF

A.    The Sale of the Property Should Be Approved

12.    The Trustee seeks the Court's authority to sell the Property free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without representations or warranties of any type, express or implied, being given by the Trustee and his professionals, pursuant to the Sale procedures described below.

13.    Pursuant to Section 363(b) of the Bankruptcy Code, a Trustee, after notice and hearing, may use, sell, or lease property of the Debtor's estate other than in the ordinary course of business. The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008). Further, Bankruptcy Rule 6004(f) contemplates sales outside of the ordinary course of business.

14.    The Trustee, through the services of BKRES and Listing Agent, have listed the property and accepted an offer that has been approved by the Secured Creditor and will result in a carve-out for the Bankruptcy Estate of $20,000.00. Attached is the letter of consent/approval from the Secured Creditor(s).

15.    Accordingly, the Trustee submits that the sale of the Property pursuant to the above process is reasonable under Section 363(b) of the Bankruptcy Code.

B.    The Sale of the Property Should Be Approved Free and Clear of All Interests

16.    Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423 F.3d 166, 169 n.3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities.");  *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

17.    The Trustee states that he shall satisfy Section 363(f)(2) of the Bankruptcy Code because the Secured Creditor consents to a sale of the property under Section 363(f)(2) of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and interests.

18.    The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property, after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers no later than 5 days prior to the hearing on the instant Motion, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such

claims, at best, being treated as a general unsecured claim.[2]  Failure to object after proper notice and opportunity to object is deemed consent.  *See BAC Home Loans Servicing LP v.* Grassi, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v.* Elliott, 94 B.R. 343 (E.D. Pa. 1988); *In re* Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresourse LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012WL1851015, at *12 (Bankr. S.D. Fla., May 21, 2012).

19.     Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee or his professionals. Notwithstanding that the Trustee will seek authority to execute all documents and instruments he deems reasonable, necessary and/or desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed, and (b) a copy of the Final Sale Order.

20.     The Secured Creditor agrees to pay at closing (1) all outstanding real estate taxes, including any prorated amounts due for the current tax year; (2) if applicable, the lesser of any HOA fees accrued post-petition or the equivalent to twelve months' assessments and (3) all closing costs excluding professional fees but including State Documentary Stamps for the entire closing price pursuant to Florida Statue Sections 201.01 and 201.02; (4) the carve out to the Trustee.  Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

C.     The Sale Will Be Undertaken by the Buyer in Good Faith

21.     Section 363(m) of the Bankruptcy Code protects a good faith

---

[2] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.

purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

22.    The sale should be found to have been in good faith if the Trustee can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." (citation omitted)); see *also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

23.    The Trustee asserts that the sale of the Property will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion.  Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

24.    The Trustee further states that:

(a)    the Trustee has reviewed the tax implications of the proposed Sale and has determined that the proposed sale will not result in a capital gains tax event to the estate or other taxable event which would negate the benefit realized from the Carve Out;

(b)    the Trustee has determined, based upon a review of the schedules and information derived from the 341 meeting, that there will likely be a meaningful distribution to creditors based upon the understanding that the final sale price and the total dollar amount of claims to be filed in this case are both unknown and can

only be estimated at this time; and

(c)    Given the information available at this time, the Trustee has made an educated evaluation and determined that the proposed Sale is in the best interest of the estate and its creditors.

25. The Trustee respectfully requests that this Court: (a) waive the 14 day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents he deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of the this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court enters an Order approving the short sale of the Property pursuant to Sections 105 and 363 of the Bankruptcy Code and for such other and further relief as this Court deems just and equitable under the circumstances of the case.

**RESPECTFULLY SUBMITTED**,

/s/Sherry F. Chancellor_____
Sherry F. Chancellor, Trustee
619 W. Chase Street
Pensacola, FL 32502
Phone: (850) 436-8445
E-mail: sherry.chancellor@yahoo.com

## CERTIFICATE OF SERVICE

Under penalty of perjury, I have read the foregoing Motion and it is true and

correct to the best of my knowledge.  I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been furnished via first-class United States Mail, postage prepaid, or via electronic mail to all parties listed on the Court's Mailing Matrix this the 10th day of June  2019.


/s/Sherry F.  Chancellor_____
Sherry F. Chancellor

9

**Regions Bank**
Loss Mitigation Department
P.O. Box 10063
Birmingham, AL 35202

 REGIONS

5/8/2019

**Mr. Roger Unger c/o**
**Laura Barton, BK Global**
**1095 Broken Sound Pkwy, Suite 100**
**Boca Raton, FL 33487**

RE:    Terms of approval of short-sale ("Short-sale Transaction") of real property located at **504 Truett Dr., Tallahassee, FL 32303** (the "Real Property") securing indebtedness evidenced by mortgage loan account number ending in **3696.**

Dear Roger Unger:

Subject to the terms and conditions outlined in this letter, Regions Bank agrees to accept a "short payoff" of the Loan and to release its mortgage lien on the Real Property to the extent that said lien secures the indebtedness evidenced by the Loan. Please be advised that this letter should be used by the closing agent as our formal demand statement. No additional statements will be issued.

**Requirements Pertaining to Release of Mortgage Lien:**

***SUBJECT TO APPROVAL OF THE Chapter 7 BANKRUPTCY COURT.***
- Approved sales price of the Real Property is to be no less than **$135,000.00**, of which amount Regions is to receive net proceeds of <u>no less than</u> **$43,831.41**(the "Short Payoff"). **Please note that the 1st mortgage payoff is padded $4,500.00 to ensure that they are paid in full at closing. Any overage of their payoff should be forwarded to the junior lienholder.**
- Closing of the sale of the Real Property is to take place on or **before 8/30/2019** (the "Closing Date"), and the Short Payoff must be received by Regions Bank no later than close of business on the 3rd day after the date of sale, in addition to the fully executed HUD1/CD and signed short sale approval letter.
- The Short Payoff must be wired to Regions Bank pursuant to the following instructions:
- **Regions Bank, Birmingham, Alabama; Routing # 062000019; Wire Acct # 110245-414310; Reference: Roger Unger account 5002833696; ATTN: Loss Mitigation/ALBH40402B.**
- The Borrower/Seller shall not receive any disbursement of sales proceeds.

**Notice Regarding the Treatment of the Deficiency Balance:**

The deficiency balance is the amount of indebtedness remaining after application to the outstanding balance of the Loan of that portion of sale proceeds payable to Regions Bank indicated above (the "Deficiency Balance"). Regions Bank will not hold you liable for the Deficiency Balance in connection with the Loan. If you have another lender with a mortgage lien on the Real Property in connection with another loan – including another loan from Regions Bank secured by the Real Property – you may be held liable by that lender for any deficiency balance that may remain following the Short-sale Transaction.

**Additional Terms and Conditions of the Short-sale Transaction:**

- Borrower/Seller must convey title to the Real Property directly to the purchaser(s) named in the Closing Disclosure (the "Purchaser").

1

- A copy of the fully-executed Closing Disclosure must be provided to Regions Bank on/immediately after the Closing Date.
- The Purchaser and Borrower/Seller must not be related to each other in any way (i.e., by blood, marriage, or unrelated business dealings).
- Any relationship (blood, marriage, or unrelated business dealings) between a participating broker and the Borrower/Seller and/or the Purchaser must be disclosed to Regions Bank prior to Closing Date. Absent approval by Regions Bank of any such relationship, this Short-sale Transaction will terminate without further notice.
- Regions Bank may, in its sole discretion, report to the various credit reporting agencies information related to the Loan in connection with the Short-sale Transaction.
- Regions Bank may be required by law to report to the IRS information related to the Loan in connection with the Short-sale Transaction. Regions Bank makes no representations about any tax consequences to Borrower/Seller.
- Regions Bank reserves the right to withdraw from this Short-sale Transaction if, prior to Closing Date, Borrower/Seller becomes a debtor in a bankruptcy proceeding filed under Title 11 of the United States Code.
- Any change in the terms or conditions of the sale of the Real Property must be approved by Regions Bank prior to Closing Date. Regions Bank reserves the right to revoke and/or modify the terms and conditions of this Short-sale Transaction in the event that (1) there is a change in any information provided to Regions Bank and used as the basis for our approval and/or (2) Regions Bank discovers any evidence of fraud/misrepresentation by any parties involved in this Short-sale Transaction.

If you have any questions or concerns, please do not hesitate to call us, toll-free, at 1-866-298-1113, Monday through Friday from 8:00 a.m. until 4:30 p.m. Central Time. You may also reach us in writing at Regions Bank, Loss Mitigation Department, P.O. Box 10063, Birmingham, AL 35202.

Sincerely,

*Mary Roberts*

Short Sale Specialist
Loss Mitigation/Consumer Collections

Please sign below and return the original to Regions Bank to indicate your acceptance and agreement.

Borrower:  _S Chudell Bsk Trustee_    Dated: _5/10/19_
Or Trustee

**Bankruptcy Notice.** If this loan is included in an active bankruptcy case and was not reaffirmed by order of the Bankruptcy Court, or if you received a bankruptcy discharge associated with your loan, this letter is being provided for informational purposes only and is not an attempt to collect, recover, offset or impose personal liability against you for any discharged debt previously incurred by you. However, we reserve all rights and remedies under the security instrument, including the right to foreclose our lien.

Label Matrix for local noticing
1129-4
Case 18-40443-KKS
Northern District of Florida
Tallahassee
Thu Jun 13 15:54:19 EDT 2019

BK Global Real Estate Services
1095 Broken Sound Parkway NW, Suite 100
Boca Raton, FL 33487-3503

Florida Dept. of Labor/Employment Security
c/o Florida Dept. of Revenue
P.O. Box 6668
Tallahassee, FL 32314-6668

Florida Dept. of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Nationstar Mortgage LLC
Robertson, Anschutz & Schneid
6409 Congress Avenue
Suite 100
Boca Raton, FL 33487-2853

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Secretary of the Treasury
U.S. Treasury Department
15th & Pennsylvania Ave.
Washington, DC 20220-0001

U.S. Attorney (Tallahassee Office)
111 N. Adams Street
Fourth Floor
Tallahassee, FL 32301-7736

(p)U S SECURITIES AND EXCHANGE COMMISSION
ATLANTA REG OFFICE AND REORG
950 E PACES FERRY RD NE STE 900
ATLANTA GA 30326-1382

American Express
Post Office Box 360001
Fort Lauderdale, FL 33336-0001

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Bank of America, N.A.
P O Box 982284
El Paso, TX 79998-2284

Chase
Post Office Box 15298
Wilmington, DE 19850-5298

Chase Bank USA, N.A.
c/o Robertson, Anschutz & Schneid, P.L.
6409 Congress Avenue, Suite 100
Boca Raton, FL 33487-2853

Cheryll Olah
Wakulla County Tax Collector
PO Box 280
Crawfordville, FL 32326-0280

Cintas Corporation
PO Box 630910
Cincinnati, OH 45263-0910

Club Wyndham
PO Box 98940
Las Vegas, NV 89193-8940

Comcast Business
141 NW 16th Street
Pompano Beach, FL 33060-5291

Discover
Post Office Box 6103
Carol Stream, IL 60197-6103

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH  43054-3025

Doris Maloy, Leon County Tax Collector
Attn: Tax Administration Department
Post Office Box 1835
Tallahassee, FL 32302-1835

Georgia-Florida Alarm
PO Box 2747
Thomasville, GA 31799-2747

Harper Revell Heating & Air, Inc.
3015 Nathan Lane
Tallahassee, FL 32308-6289

Jimmy Dye, Esquire
Post Office Box 4148
Tallahassee, FL 32315-4148

Leon County Tax Collector
Post Office Box 1835
Tallahassee, FL 32302-1835

MRS Associates
1930 Olney Avenue
Cherry Hill, NJ 08003-2016

Marpan
PO Box 2068
Tallahassee, FL 32316-2068

McCarthy, Burgess & Wolfe
26000 Cannon Road
Bedford, OH 44146-1807

Nationstar Mortgage
c/o Robertson, Anschutz, et al.
6409 Congree Avenue
Suite 100
Boca Raton, FL 33487-2853

Nationwide Insurance
c/o Receivable Management Services
PO Box 361378
Columbus, OH 43236

NuCO2
PO Box 417902
Boston, MA 02241-7902

NuCO2, LLC
2800 SE Market Place
Stuart, FL 34997-4965

PennCredit Corporation
PO Box 1259
Department 91047
Oaks, PA 19456-1259

Regions Bank
PO Box 2224
Birmingham, AL 35246-0026

Regions Bank
Post Office Box 1984
Birmingham, AL 35201-1984

Synchrony Bank
Lowe's
PO Box 530914
Atlanta, GA 30353-0914

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk VA 23541-1021

Sysco Collections
PO Box 288
Tonawanda, NY 14151-0288

Sysco Food Service
Commercial Collection Corp of NY
34 Seymour St
Tonawanda, NY 14150-2126

Tallahassee Highpoint Creditors, Ltd.
c/o David C. Strong
1201 S. Orlando Street
Suite 203
Winter Park, FL 32789-7130

Tallahassee Highpoint Partners, LTD
c/o The Dye Law Firm, P.A.
Post Office Box 4148
Tallahassee, Florida 32315-4148

The Zenith
4415 Collections Center Drive
Chicago, IL 60693-0001

United States Trustee
110 E. Park Avenue
 Suite 128
Tallahassee, FL 32301-7728

xfinity
141 NW 16th Street
Pompano Beach, FL 33060-5250

Ethan Andrew Way
Way Law Firm, PA
Post Office Box 10017
Tallahassee, FL 32302-2017

Gaylene Stanley
Lord and Stanely Realty, Inc.
1530 Metropolitan Blvd.
Tallahassee, FL 32308-3775

Jeff Sessions
Office of the Attorney General
Main Justice Bldg., Rm. 511
Tenth & Constitution
Washington, DC 20530-0001

Roger L. Unger
3240 Rue de Lafitte
Tallahassee, FL 32312-2045

Sherry Chancellor
Law Office of Sherry F. Chancellor
619 West Chase St.
Pensacola, FL 32502-4711

c/o Leslie S. White Regions bank successor b
Dean Mead
PO Box 2346
Orlando, FL 32802-2346

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

U.S. Securities & Exchange Commission
Branch of Reorganization
3475 Lenox Rd., N.E. Suite 100
Atlanta, GA 30326-1323

Bank of America
PO Box 982234
El Paso, TX 79998-2234

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)American Express | (d)PRA Receivables Management, LLC | End of Label Matrix |
| Post Office Box 360001 | PO Box 41021 | Mailable recipients   51 |
| Fort Lauderdale, FL 33336-0001 | Norfolk, VA 23541-1021 | Bypassed recipients    2 |
| | | Total               53 |