# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

In Re: **ROGER UNGER**　　　　　　　　　　　Case No.: 18-40443KKS

　　Debtor　　　　　　　　　　　　　　　　　Chapter:　7

_____//

## MOTION FOR AMENDED ORDER

**COMES NOW,** the Trustee, **SHERRY F. CHANCELLOR,** and files this her Motion for Amended Order and in support thereof would state as follows:

1.　The Court entered an Order (Doc. 70) granting the Trustee's Motion to Sell (Doc. 64) on or about July 18, 2019.

2.　The amount of the sale and the terms have not changed; however, the name of the buyers has changed.

3.　A copy of the Amended Order is attached hereto and incorporated herein by reference.

4.　The proposed Amendment changes only the name of the buyers.

**WHEREFORE,** the Trustee respectfully prays that this Court will enter an Order and therein authorize the Amendment of the Order entered at Docket Number 70 to reflect the buyers as Monica and Wojciech Rutkowski and grant any

other and further relief that this Court may deem just and proper.

Respectfully submitted this the 3rd day of January 2020.

>/s/ **SHERRY F. CHANCELLOR**
>**SHERRY F. CHANCELLOR**
>**Trustee**
>619 West Chase Street
>Pensacola, Florida 32502
>850-436-8445
>Florida Bar 434574

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Application for Compensation has been provided to Ethan Way, Esquire at ethan@waylawfirm.com, and Assistant United States Trustee, Charles Edwards, Esquire, USTPRegion21.TL.ECF@usdoj.gov, electronically this the 3rd day of January 2020.

>/s/ **SHERRY F. CHANCELLOR**
>**SHERRY F. CHANCELLOR**
>**Trustee**

**'UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

In re:  Roger Unger                                    Case No.: 18-40443KKS
                                                                    Chapter 7

<u>DEBTOR                     </u>/

**<u>AMENDED ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, AND (III ) OTHER RELIEF (DOC. 64)</u>**

THIS CASE came before the court to consider the Chapter 7 Trustee's Motion to (I) Approve a Short Sale of the Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §363(b), (f), and (m), II Surcharge Agreement Between the Secured Lender and the Estate and (III) Other Relief (Doc. 64) (the "<u>Motion</u>"). The Motion was served upon all interested parties informing the parties of their opportunity to respond within 21 days of the date of service; no party filed a response within the time permitted; and the Court therefore considers the Motion unopposed.  Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1.    The Motion is **GRANTED**.

2.    The Trustee is authorized to sell the real property described as follows:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF LEON, STATE OF FLORIDA, AND IS DESCRIBED AS

FOLLOWS: LOT 7, BLOCK "A", PINE GROVE, A SUBDIVISION AS PER MAP OR PLAT THEREOF, RECORDED IN PLAT BOOK 3, PAGE 15, OF THE PUBLIC RECORDS OF LEON COUNTY, FLORIDA.

Parcel ID: 111985 A0070

more commonly known as, 504 TRUETT DR TALLAHASSEE, FL 32303 (the "Real Property"), for $135,000.00 conditioned on the consent of its lienholder(s), and in accordance with the terms provided for in the Motion.

3. The Trustee is authorized to pay the secured mortgage creditors, Mr. Cooper, and Regions (also known as "Secured Creditor") the full amount of their lien as of the date of closing or other amount agreeable to the Secured Creditor to release their lien.

4. The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtor in the Real Property to Monica and Wojciech Rutkowski (the "Buyers").

6. Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Real Property will vest in the Buyer(s) all right, title and interest of the Debtors and the bankruptcy estate in the Real Property, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

    1. Roger Unger, Debtor, name on deed
    2. Mr. Cooper, mortgage lienholder
    3. Regions, mortgage lienholder

6.   This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Real Property.

7.   The Buyer has not assumed any liabilities of the Debtor.

8.   The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs

> Total Sales/Brokers Commission:
> 2% to Lord & Stanley Realty Inc
> 2% to Regal Homes, LLC
> 2% to BK Global Real Estate Services
> Bankruptcy Estate Fee
> (i*ncl. 506(c) surcharge, Trustee Liability Insurance*)
> Satisfaction of Liens

Without further order of the court, the Trustee is authorized to pay closing costs.

9.  Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyers on an "as is, where is" or "with all faults" basis.

10. Buyer is approved as a buyers in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

11. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

12. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse

effect on the Debtors' bankruptcy estate.

**DONE AND ORDERED** this the ____ day of January 2020.

                                                                       _____
                                                                       **KAREN K. SPECIE**
                                                                       United States Bankruptcy Judge

This Order Prepared by: Sherry F. Chancellor,

CC:    All Parties in Interest

Sherry F. Chancellor is hereby directed to serve a copy of this order on interested parties and file a certificate of service within 3 days of entry of the order